IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No: 1:22-cv-00342-LCB-JLW

| | |
|---|---|
| MATTHEW FREETAGE,<br><br>        Plaintiff,<br><br>v.<br><br>DUKE UNIVERSITY HEALTH SYSTEM, INC.,<br><br>        Defendant. | DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT |

Defendant Duke University Health System, Inc. ("Defendant") respectfully submits this Reply in Support of its Motion to Dismiss Plaintiff's Complaint.

## I.    ARGUMENT

Plaintiff argues that his Title VII retaliation claim should survive dismissal because under the Court's ruling in *Pannachia v. City of Durham*, 1:20cv418, 2021 WL 810358 (M.D.N.C. Mar. 3, 2021), he need not plead that the relevant decisionmaker had actual knowledge of his protected activity to state a claim for retaliation. DE-17 p. 4. Plaintiff's argument should be rejected for three reasons.

First, the Fourth Circuit has previously held that when considering a motion to dismiss, "[i]n order to establish this causal connection, a plaintiff in a retaliation case must show, at the very least, that the defendant was aware of her engaging in protected activity." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 501 (4th Cir. 2005) (citing *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657

PPAB 7854322v1

(4th Cir. 1998)).  Second, "District courts within this circuit have applied [*Dowe's*] knowledge requirement upon motions to dismiss as well."  *Valerino v. Holder*, No. 1:11cv1124(GBLJFA), 2013 WL 12432290, at *11 (E.D. Va. Feb. 20, 2013), *aff'd*, 539 F. App'x 256 (4th Cir. 2013) (collecting cases from Eastern and Western Districts of Virginia and District of Maryland).  Third, the Western District of North Carolina decided the case *Hunter v. Walmart* subsequent to this Court's decision in *Pannachia*.  *Hunter v. Walmart, Inc.*, Case No. 3:19-CV-00459-RJC-DCK, 2021 WL 5238594, at *7 (W.D.N.C. Mar. 31, 2021) (dismissing retaliation claim because plaintiff did not allege that relevant decisionmaker was aware of her protected activity).  Consequently, under established Fourth Circuit precedent, as applied by numerous courts with the Circuit, Plaintiff's retaliation claim cannot survive dismissal because he concedes that he has not pled that Mr. Faw had actual knowledge of Plaintiff's complaint prior to terminating Plaintiff's employment.

## II.     CONCLUSION

For the foregoing reasons, and the reasons discussed in Plaintiff's Memorandum in Support of its Motion to Dismiss, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice.

This 5th day of August, 2022.

/s/ Tory Ian Summey
Tory Ian Summey, N.C. Bar No. 46437
Zachary S. Anstett, N.C. Bar No. 53371
PARKER POE ADAMS & BERNSTEIN LLP
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 335-9036
Facsimile: (704) 334-4706
Email: torysummey@parkerpoe.com
Email: zackanstett@parkerpoe.com

*Attorneys for Defendant*

# CERTIFICATE OF COMPLIANCE

Pursuant to the Local Civil Rule 7.3(d)(1) of Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina effective June 1, 2022, the undersigned hereby certifies that the foregoing "***Defendant's Reply in Support of its Motion to Dismiss Plaintiff's Complaint***" was prepared on a computer using Times New Roman 13 point font and does not exceed 3,125 words.

This 5th day of August, 2022.

/s/ Tory Ian Summey
Tory Ian Summey, N.C. Bar No. 46437
Zachary S. Anstett, N.C. Bar No. 53371
PARKER POE ADAMS & BERNSTEIN LLP
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 335-9036
Facsimile: (704) 334-4706
Email: torysummey@parkerpoe.com
Email: zackanstett@parkerpoe.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing "***Defendant's Reply in Support of its Motion to Dismiss Plaintiff's Complaint***" was electronically filed with the Clerk of Court using the CM/ECF system and served upon counsel for Plaintiff via the Court's electronic case filing system.

This 5th day of August, 2022.

/s/ Tory Ian Summey
Tory Ian Summey, N.C. Bar No. 46437
Zachary S. Anstett, N.C. Bar No. 53371
PARKER POE ADAMS & BERNSTEIN LLP
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 335-9036
Facsimile: (704) 334-4706
Email: torysummey@parkerpoe.com
Email: zackanstett@parkerpoe.com

*Attorneys for Defendant*