IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No.: 1:22-cv-00342-LCB-JLW

| MATTHEW FREETAGE, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) **DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |
| DUKE UNIVERSITY HEALTH SYSTEM, INC., | ) |
| Defendant. | ) |

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Duke University Health System, Inc. ("Defendant" or "Duke"), by and through the undersigned counsel, responds to the allegations contained in Plaintiff's Amended Complaint as follows:

## INTRODUCTION

1. Denied.

2. Duke admits that Plaintiff reported certain concerns about other employees to the Human Resources Department in September 2020. Except as expressly admitted, Duke lacks information sufficient to admit or deny the remaining allegations contained in this paragraph, and as such the allegations are denied.

3. Duke admits that Plaintiff submitted a written statement to Duke's Human Resources Department, which is in writing and speaks for itself. Except as expressly admitted, the allegations contained in this paragraph are denied.

4. Duke admits that Plaintiff's employment with Defendant was terminated on January 11, 2021. Except as expressly admitted herein, the allegations contained in this paragraph are denied.

## JURISDICTION

5. Duke admits that Plaintiff purports to bring a claim for retaliation in violation of Title VII of the Civil Rights Act of 1964. Except as expressly admitted herein, the allegations contained in this paragraph are denied.

6. Admitted.

7. Duke admits that a substantial part of the alleged conduct included in Plaintiff's Amended Complaint occurred within the jurisdiction of the United States District Court for the Middle District of North Carolina. Except as expressly admitted herein, the allegations contained in this paragraph are denied.

8. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that a response is required, denied.

9. Denied.

## PARTIES

10. Admitted, upon information and belief.

11. Admitted.

12. Admitted.

13. Admitted.

## ADMINISTRATIVE HISTORY

14. Upon information and belief, Duke admits that Plaintiff filed a charge of discrimination with the EEOC on or about March 14, 2021. Except as expressly admitted, the allegations contained in this paragraph are denied.

15. Duke admits that the EEOC issued a "Dismissal and Notice of Rights" on or about May 3, 2022, which is in writing and speaks for itself. Except as expressly admitted, Duke lacks information sufficient to admit or deny the remaining allegations contained in this paragraph, as such the allegations are denied.

16. Duke admits that Plaintiff filed his initial Complaint in this matter on May 5, 2022. Except as expressly admitted, the allegations contained in this paragraph are denied.

17. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that a response is required, denied.

## FACTS

18. Admitted.

19. Admitted.

20. Denied.

21. Denied.

22. Duke admits that in his role as a supervisor, Plaintiff was requested to join a meeting on September 18, 2020 along with one of the employees he supervised, housekeeper Amorita Pickering. Except as expressly admitted, the allegations contained

in this paragraph are denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Admitted that Amorita Pickering received disciplinary action due to her performance in September 2020. Except as expressly admitted, the allegations contained in this paragraph are denied.

28. Denied.

29. Admitted, upon information and belief.

30. Duke admits that Plaintiff's complaint was not substantiated and that it did not issue discipline to Paredes, Faw, or Jordan as a result of Plaintiff's complaint. Except as expressly admitted, the allegations contained in this paragraph are denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Duke admits that Plaintiff submitted a written statement to Duke's Human Resources Department, which is in writing and speaks for itself. Except as expressly admitted, the remaining allegations contained in this paragraph are denied.

4

37. Duke admits that Plaintiff submitted a written statement to Duke's Human Resources Department, which is in writing and speaks for itself. Except as expressly admitted, the allegations contained in this paragraph are denied.

38. Duke admits that Plaintiff's December 2020 report was not substantiated and it did not issue corrective or disciplinary action against Faw or Paredes in response to Plaintiff's December 2020 report. Except as expressly admitted, the allegations contained in this paragraph are denied.

39. Denied.

40. Admitted.

41. Duke admits that Plaintiff and Faw had a brief conversation regarding the Human Resources investigation prior to the termination of Plaintiff's employment.

42. Duke admits that the July 23, 2021 OIE report is in writing and speaks for itself. Except as expressly admitted, the allegations contained in this paragraph are denied.

43. Duke admits that the July 23, 2021 OIE report is in writing and speaks for itself. Except as expressly admitted, the allegations contained in this paragraph are denied.

## COUNT I - RETALIATION

44. Duke realleges and incorporates by reference the preceding paragraphs.

45. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that a response is required, denied.

46. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that a response is required, denied.

47. Denied.

48. Duke admits that certain housekeepers reported positive comments about Plaintiff. Except as expressly admitted, the allegations contained in this paragraph are denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## PRAYER FOR RELIEF

Duke denies the allegations under the "PRAYER FOR RELIEF" heading and all numbered subparagraphs following the "WHEREFORE" clause at the end of Plaintiff's Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint should be dismissed, in whole or in part, to the extent it fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to comply with any statutory prerequisites, Plaintiff's claims in this action are barred.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope of or are inconsistent with the charge of discrimination he filed with the EEOC.

## FOURTH AFFIRMATIVE DEFENSE

All events which occurred more than one hundred eighty (180) days prior to the filing of Plaintiff's charge of discrimination and/or complaint of retaliation are untimely and are not properly assertable in this action; nor is Plaintiff entitled to relief in this action for any events which occurred more than one hundred eighty (180) days prior to his EEOC charge.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims seek to address alleged acts or omissions beyond the applicable statute of limitations, such claims are barred.

## SIXTH AFFIRMATIVE DEFENSE

Any and all actions taken with regard to Plaintiff's employment were based on legitimate, non-retaliatory reasons, were justified and were not contrary to any public

policy or otherwise unlawful.

## SEVENTH AFFIRMATIVE DEFENSE

The employment practices of Defendant are now, and were at all relevant times, conducted in accordance with any and all applicable local, state and federal laws and regulations.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff establishes an impermissible motivating factor for any employment decision challenged or some protected activity, which is denied, the same action would have been taken in the absence of such impermissible motivating factor or protected activity.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff had and continues to have the ability to mitigate any alleged damages and, to the extent that mitigation has not occurred, Defendant pleads failure to mitigate as a full or partial bar to Plaintiff's recovery.

## TENTH AFFIRMATIVE DEFENSE

To the extent after-acquired evidence exists of any wrongdoing by Plaintiff, Plaintiff is barred from recovering any back pay for any period after the date of discovery of such evidence.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent it may be found that Plaintiff was subjected to any of the conduct alleged in the Amended Complaint, which Defendant denies, such conduct was not

8

Case 1:22-cv-00342-LCB-JLW   Document 24   Filed 08/29/22   Page 8 of 11

willful and was contrary to the good faith efforts of Defendant to comply with the federal and state anti-discrimination laws. Consequently, any claim for liquidated or punitive damages is barred.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel and/or unclean hands.

Defendant hereby reserves the right to assert, and does not waive, any additional or further defenses as may be revealed by additional information acquired during discovery or otherwise and reserves the right to amend this Answer to Plaintiff's Amended Complaint to assert any such defenses.

WHEREFORE, Defendant prays that the Court:

1. Dismiss Plaintiff's Amended Complaint with prejudice;

2. Enter judgment in favor of Defendant and award Plaintiff nothing;

3. Tax the costs of this action and such attorneys' fees as allowed by law against Plaintiff;

4. Award Defendant such other and further relief as the Court deems just and proper.

This the 29th day of August, 2022.

/s/ Tory Ian Summey
Tory Ian Summey, N.C. Bar No. 46437
Zachary S. Anstett, N.C. Bar No. 53371
Eric A. Frick, N.C. State Bar No. 49212
**PARKER POE ADAMS & BERNSTEIN LLP**
Bank of America Tower
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
Email: torysummey@parkerpoe.com
Email: zackanstett@parkerpoe.com
Email: ericfrick@parkerpoe.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** was electronically filed with the Clerk of Court using the CM/ECF system and served upon counsel for Plaintiff via the Court's electronic case filing system.

This the 29th day of August, 2022.

/s/ Tory Ian Summey
Tory Ian Summey, N.C. Bar No. 46437
Zachary S. Anstett, N.C. Bar No. 53371
Eric A. Frick, N.C. State Bar No. 49212
**PARKER POE ADAMS & BERNSTEIN LLP**
Bank of America Tower
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
Email: torysummey@parkerpoe.com
Email: zackanstett@parkerpoe.com
Email: ericfrick@parkerpoe.com
*Attorneys for Defendant*