IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 1:22-CV-342-LCB-JLW

| | |
|---|---|
| MATTHEW FREETAGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DUKE UNIVERSITY HEALTH SYSTEM, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **RULE 26(f) REPORT**

1. Pursuant to Fed. R. Civ. P. 26(f) and LR 16.1(b), a meeting was held on August 8, 2022 by telephone conference and was attended by Joseph Budd for Plaintiff and Tory Ian Summey for Defendant.

2. Discovery Plan. The parties propose to the Court the following discovery plan:

    a. The "commencement date" of discovery will be August 29, 2022;

    b. Discovery will be needed on the following subjects: All issues and matters relating to the claims and defenses alleged by the Parties.

    c. Discovery shall be placed on a case management track established in LR 26.1. The parties agree that the appropriate plan for this case is that designated in LR 26.1(a) as Complex, with the following requested terms:

        i. The date for the completion of all discovery (general and expert) is May 29, 2023 – 9 months[1] from the commencement date;

        ii. The parties require the following modifications to the case management track;

---

[1] The Parties request a 9-month discovery period due to the fact that counsel for Defendant, Mr. Summey, will be taking a period of parental leave upon birth of a child beginning in October 2022.

1

1. No more than 25 interrogatories and requests for admissions; and

2. No more than 7 depositions.

iii. Reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the discovery period:

1. From Plaintiff by: November 29, 2022 – 3 months from the commencement date;

2. From Defendant by: December 29, 2022 – 4 months from the commencement date;

iv. Supplementations will be as provided in Rule 26(e) or as otherwise ordered by the court.

3. Mediation. Mediation should be conducted late in the discovery period, the exact date to be set by the mediator after consultation with the parties. The parties agree that the mediator shall be Asa Bell.

4. Preliminary Deposition Schedule. The parties have agreed that depositions will most likely commence in January 2023 after the conclusion of initial written discovery. The parties will update this schedule at reasonable intervals.

5. Other items.

    a. Plaintiff should be allowed until September 29, 2022 – 1 month following the commencement date – to request leave to join additional parties or amend pleadings;

    b. Defendant should be allowed until October 29, 2022 – 2 months following the commencement date – to request leave to join additional parties or amend pleadings;

    c. After these dates, the Court will consider, *inter alia*, whether the granting of leave would delay trial.

    d. The parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the parties under 28 U.S.C. §§ 636(c), or appointment of a master:

        i. The parties do not consent to any such special procedure.

e. The trial of this action is expected to take approximately 4 days. A jury trial has been demanded.

f. The parties discussed whether the case will involve the possibility of confidential or sealed documents.

　　i. The case may involve confidential or sealed documents and the parties have separately filed a LR 5.5 Report.

g. The parties request that the protective order from the Court expressly address the issue of inadvertent disclosures and include language similar to the following: "If a producing party realizes that it has inadvertently produced a document or information that it considers to be protected from disclosure to a party in this litigation by the attorney-client privilege, attorney work product doctrine, the common interest or joint defense privilege, or such other privilege or immunity from discovery, then the producing person may contact the receiving party and notify it in writing of the mistake. Once the receiving party has been notified of the mistake, the receiving party shall promptly use all means reasonably available to retrieve such document or information and all copies and return them to the producing person. The inadvertent production of any such privileged document shall not constitute a waiver of any otherwise applicable privilege, and no person shall assert a waiver of any such otherwise applicable privilege upon the basis of any inadvertent production in the course of discovery in this litigation, except as may be necessary under the circumstances or if there is a dispute as to whether such privilege applies."

Respectfully submitted, this the 1st day of September, 2022.

                                          BY: /s/ JOSEPH D. BUDD
                                                JOSEPH D. BUDD
                                                N.C. Bar No. 44263
                                                JUSTIN M. OSBORN
                                                N.C. Bar No.41493
                                                S.C. Bar No.100522
                                                OSBORN GAMBALE BECKLEY & BUDD PLLC
                                                721 W. Morgan Street
                                                Raleigh, North Carolina 27603
                                                joe@counselcarolina.com
                                                justin@counselcarolina.com
                                                T:  919.373.6422
                                                F:  919.578.3733


                                                /s/ TORY IAN SUMMEY
                                                TORY IAN SUMMEY
                                                N.C. Bar No. 46437
                                                ZACHARY S. ANSTETT
                                                N.C. Bar No. 53371
                                                PARKER POE ADAMS & BERNSTEIN LLP
                                                620 South Tryon Street
                                                Suite 800
                                                Charlotte, North Carolina 28202
                                                T: 704.335.9036
                                                F: 704.334.4706
                                                torysummey@parkerpoe.com
                                                zackanstett@parkerpoe.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document has been electronically filed with the Clerk of Court using the CM/ECF system, which system will automatically generate and send a Notice of Electronic Filings to the undersigned filing user and registered users of record in the matter, as follows:

    Tory Ian Summey
    Zachary S. Anstett
    Parker Poe Adams & Bernstein LLP
    Bank of America Tower
    620 S. Tryon Street, Suite 800
    Charlotte, NC 28202
    F: 704-334-4706
    torysummey@parkerpoe.com
    zackanstett@parkerpoe.com
    *Attorneys for Defendant Duke University Health System, Inc.*

This the 1st day of September, 2022.

                BY: /s/ JOSEPH D. BUDD
                      JOSEPH D. BUDD
                      N.C. Bar No. 44263
                      OSBORN GAMBALE BECKLEY & BUDD PLLC
                      721 W. Morgan Street
                      Raleigh, North Carolina 27603
                      joe@counselcarolina.com
                      T: 919.373.6422
                      F: 919.578.3733