IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 1:22-CV-342-LCB-JLW

| | |
|---|---|
| MATTHEW FREETAGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | L.R. 5.5 Report |
| DUKE UNIVERSITY HEALTH ) | |
| SYSTEM, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Matthew Freetage, and Defendant Duke University Health System, Inc. hereby submit the following Local Rule 5.5 Report:

**[X] Conference**: The parties have discussed the issues of confidentiality raised in this case and the potential need for filing documents under seal. That discussion included the nature of any confidential documents that may be involved in the case, the possibility of using stipulations to avoid the need to file certain documents, and the possibility of agreed-upon redactions of immaterial confidential information in filings to avoid the need for filing documents under seal.

**[__] Non-Parties**: Because a non-party has produced documents pursuant to a protective order or is otherwise claiming confidentiality over documents filed or

expected to be filed in this case, the conference included
_____ (identify non-party).

**[X] Default**: The parties certify that few, if any, documents will be filed under seal. The parties agree to use the default procedures of LR 5.4(c). In addition, if the party filing the motion to seal is not the party claiming confidentiality, the filing party must meet and confer with the party claiming confidentiality as soon as practicable, but at least two (2) days before filing the documents, to discuss narrowing the claim of confidentiality. The motion to seal must certify that the required conference has occurred, and the party claiming confidentiality must file supporting materials required by LR 5.4(c)(3) within 14 days of the motion to seal.

**[__] Alternative Proposal for Cases with Many Confidential Documents**: In order to address claims of confidentiality and reduce the need to file briefs and exhibits under seal, the parties propose the alternative procedure set out in the attached proposal, either jointly or as competing alternatives, for consideration by the Court.

**[X] Other relevant information**: The parties will file a proposed Consent Protective Order for the Court's consideration.

This the 1st day of September, 2022.

/s/ Joseph D. Budd
Joseph D. Budd, N.C. Bar No. 44263
OSBORN GAMBALE BECKLEY
& BUDD PLLC
721 W. Morgan Street
Raleigh, NC 27603
Telephone: (919) 373-6422
Fax: (919) 578-3733
Email: joe@counselcarolina.com

*Attorneys for Plaintiff*

/s/ Tory Ian Summey
Tory Ian Summey, N.C. Bar No. 46437
Eric A. Frick, N.C. Bar No. 49212
Zachary S. Anstett, N.C. Bar No. 53371
PARKER POE ADAMS &
BERNSTEIN LLP
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 335-9844
Facsimile: (704) 334-4706
Email: torysummey@parkerpoe.com
Email: ericfrick@parkerpoe.com
Email: zackanstett@parkerpoe.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **L.R. 5.5 Report** was electronically filed with the Clerk of the Court using the CM/ECF system which will automatically send notice and serve same upon counsel of record via the Court's electronic case filing system.

This the 1st day of September, 2022.

/s/ Tory Ian Summey
Tory Ian Summey, N.C. Bar No. 46437
Eric A. Frick, N.C. Bar No. 49212
Zachary S. Anstett, N.C. Bar No. 53371
PARKER POE ADAMS & BERNSTEIN LLP
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 335-9844
Facsimile: (704) 334-4706
Email: torysummey@parkerpoe.com
Email: ericfrick@parkerpoe.com
Email: zackanstett@parkerpoe.com

*Attorneys for Defendant*